FILED
03 SEP 30 PM 3:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CV 02-TMP-453-S |
| ) | |
| HAMPTON INNS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

ENTERED
SEP 30 2003

## MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed on July 14, 2003, by defendants Equity Inns Partnership, L.P.; Crossroads Hospitality Company, LLC; Crossroads Hospitality Management Company; and Crossroads Future Company, LLC. The matter has been fully briefed, and the court has heard oral argument on the issues. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion.

### I.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any



material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). When the nonmoving party does not respond, "summary

2

judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

The nonmoving party may not merely rest on her pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has had the opportunity to respond to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

3

must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).

## II. UNDISPUTED FACTS

Viewing the evidence in the light most favorable to the nonmoving party, as this court must for purposes of summary judgment, the facts pertinent to defendant's motion for partial summary judgment appear to be as follows. The plaintiff, Charles Arnold, and his wife checked into the Hampton Inn-Vestavia Hills, near Birmingham, Alabama, as paying guests. After the facility was built originally by persons or entities not involved in this action. After its original construction, the hotel was purchased by defendant Equity Inns Partnership ("Equity"), which leased the facility to Crossroads Future Company, LLC ("CFC"), which in turn contracted with Crossroads Hospitality Company, LLC ("CHC"), to manage the hotel. The remaining defendant, Crossroads Hospitality Management Company, neither owned, operated, or managed the hotel at the time of plaintiff's injury.

After checking into a guest room, Arnold's wife took a bath. Arnold later took a shower in the same tub. As he did so, his elbow bumped a ceramic soap dish that was affixed to the shower wall. The soap dish fell off the wall and hit plaintiff's foot,

causing pain and injury. The soap dish had been affixed to the plastic shower wall with an adhesive; there were no screws or other fasteners attaching the dish to the wall.

As part of managing the hotel, CHC employees periodically inspected the rooms. There is no evidence whether the inspections included any assessment of the bathroom fixtures or, for that matter, the extent or purpose of the inspections. The persons or businesses that constructed the hotel are not named as defendants in this case.

### III.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants seek summary judgment on the following grounds: (1) the plaintiff has failed to demonstrate that any defendant was negligent; (2) the plaintiff has failed to demonstrate that any defendant's conduct was wanton; (3) the plaintiff has failed to demonstrate that any defendant breached a contract with plaintiff; and (4) the UCC does not apply to create a cause of action for breach of warranty in the context of a hotel bathroom fixture.[1]

---

[1] Plaintiff concedes in his brief in opposition to the motion that the warranty claim was not directed toward any of the defendants. Accordingly, the motion is due to be granted as to the claim for breach of warranty.

5

### A. Negligence

Plaintiff alleges that the defendants were negligent in failing to properly affix the soap dish to the wall and/or in failing to detect in subsequent inspections that the soap dish was improperly affixed and was likely to fall and cause injury. Plaintiff argues that he does not need to offer direct evidence that the dish was improperly affixed, instead relying upon the doctrine of *res ipsa loquitur*.

Under Alabama law, a plaintiff asserting a claim of negligence must prove the existence of a legal duty by the defendant, a breach of that duty, proximate cause, and a resulting injury. See Franks v. Bolden, 774 F.2d 1552, 1555 (11th Cir. 1985). The legal duty owed to the plaintiff in a case involving premises liability depends upon the class of persons to which the plaintiff belongs: invitee, licensee, or trespasser. See Graveman v. Wind Drift Owners' Association, Inc., 607 So. 2d 199, 203 (Ala. 1992). An invitee is one who enters the premises by permission and bestows a commercial benefit on the owner or occupier of the premises. See Boyd v. Sears Roebuck and Co., 642 So. 2d 949, 950 (Ala. 1994). The court assumes that plaintiff was at least an invitee for purposes of this analysis.

The duty a landowner owes an invitee under Alabama law is well established: the owner must exercise reasonable care and diligence

6

to keep the premises in a safe condition or, if the premises are unsafe, to give sufficient warning so that an invitee may avoid the danger by exercising reasonable care. <u>Ex parte Industrial Distribution Services Warehouse, Inc.</u>, 709 So. 2d 16, 19 (Ala. 1997). An owner is not an insurer of the safety of its invitees and the mere fact of an injury to an invitee does not give rise to a presumption of negligence. <u>Ex parte Potmesil</u>, 785 So. 2d 340, 342 (Ala. 2000). Generally, the duty extends only to hidden defects or dangers, and not to a danger that is open or obvious. <u>Ex parte Neese</u>, 819 So. 2d 584, 589-90 (Ala. 2001). The basis of an owner's liability to an invitee rests upon the owner's superior knowledge; accordingly, where the owner has no superior knowledge, as when the danger is open and obvious, the owner is not liable. <u>Id</u>. It follows that the owner has no duty to warn of hazards that are not known to it, or that should not have been noticed through the exercise of reasonable care. <u>See, e.g.</u>, <u>General Mtrs. Corp. v. Hill</u>, 752 So. 2d 1186, 1187 (Ala. 1999).

In this case, the plaintiff was a business invitee of the defendants. The defendants had a duty to exercise reasonable care to keep the hotel room safe and to correct any dangerous condition that was known to it or that it should have known of based on a reasonable inspection. Plaintiff must show not only that the soap

dish fell and caused him injury, but also that the defendants either knew or should have known that the soap dish was unsafe.[2]

It is undisputed that the soap dish in the bathroom was affixed to the wall of the shower only with an adhesive, and that it fell off the wall after being bumped by plaintiff's elbow. There is no evidence whatsoever that the defendants had actual knowledge that the soap dish was not properly affixed. There also is no evidence that an inspection of the room would or could have resulted in detection of any defect in the soap dish. There is no evidence, for example, that the soap dish was loose or that it was not properly sealed to prevent water from seeping behind it. There simply is no evidence that defendants knew or should have known that the soap dish was a dangerous condition.

Plaintiff has argued that a visual inspection of the soap dish would have revealed that the soap dish was not attached to the wall by any screw or other fastener visible from the outside. Although plaintiff goes to great lengths to argue, albeit without any expert

---

[2] Plaintiff has not sued the builder of the hotel. Much of the evidence plaintiff seeks to offer in support of a finding of negligence may tend to show that a builder knew or should have known that affixing a ceramic soap dish to a plastic wall without a metal fastener was unsafe; however, plaintiff has not demonstrated that the subsequent hotel owner or operator knew or should have known how the soap dish was affixed to the wall or that doing so without a metal fastener was faulty construction.

testimony or admissible evidence of industry standards,[3] that affixing a ceramic soap dish to a plastic wall without a visible metal fastener is unsafe, the court cannot conclude, based on the evidence before it, that this is true. Plaintiff has not marshaled *admissible* evidence to demonstrate that such a standard, in fact, exists. Because the plaintiff has failed to demonstrate that the use of a visible screw is the only acceptable manner in which to affix such a dish, the court also cannot conclude that the defendants knew or should have known that the soap dish was unsafe. Plaintiff has not shown that other soap dishes, similarly affixed, had fallen off the wall, giving defendants notice of their unsafe condition. Nor has plaintiff shown that the soap dish at issue was loose before the accident.

Even assuming for a moment that industry standards did require that soap dishes be affixed to plastic walls by means of a *visible* metal fastener, the absence of such a fastener would have been an open and obvious defect to the plaintiff as well as the defendant. If it is true, as purported by plaintiff, that he is qualified to offer expert testimony about the standards for affixing soap dishes

---

[3] Plaintiff attempts to offer letters he has received from fixture manufacturers indicating that attaching a ceramic soap dish to a plastic wall by means of an adhesive only is inadequate. This is not admissible evidence because it is hearsay. Likewise, plaintiff also cannot qualify himself as an expert on construction standards relating to bathroom fixtures. To the extent plaintiff attempts to offer this information, it is stricken.

to shower walls, he too should have noticed the absence of a *visible* metal fastener, so that he too should have recognized the dangerous condition posed by the soap dish. Under Alabama law, the premises owner is required only to warn of latent or hidden dangers, not those that are open and obvious.

Plaintiff contends that the doctrine of *res ipsa loquitur* should apply to these facts to create a presumption of negligence, shifting the burden of proof to the defendants to negate negligence. The defendants argue that, under Alabama law, the doctrine is not applicable to premises liability cases. The cases cited by defendants and other Alabama cases on the topic, however, reject *res ipsa loquitur* in cases involving slip-and-fall injuries,[4] but not necessarily in all premises liability

---

[4] Defendant argues that precedent other than slip-and-fall cases have stated that *res ipsa loquitur* does not apply in premises liability. An examination of these cases, however, indicates either that the issue was not properly before the appellate court or that the court made a general statement (based upon previous slip-and-fall cases) rejecting the application of the doctrine to the facts at hand. See, e.g., Lowe's Home Centers, Inc. v. Laxson, 655 So. 2d 943, 946 (Ala. 1994)(citing Tice). The court does not read the applicable Alabama cases to state a blanket rejection of the doctrine in all cases involving premises liability. To the contrary, the Alabama Supreme Court in Kmart Corp. v. Bassett, 769 So. 2d 282, 286 (2000), reversed the trial court's submission of a negligence case to a jury with instructions regarding *res ipsa loquitur* not because the doctrine would never apply to such a case, but because the plaintiff "failed to satisfy the second requirement for applying that doctrine - that she did not 'foreclose the possibility that [-the company that installed the door or another company that sometimes serviced the door] was negligent, that the safety mat itself was inherently defective, or ... that the alleged

situations. See, e.g., Parrott v. Home Quarters Warehouse, Inc., 699 So. 2d 228, 229 (Ala. Civ. App. 1997), citing Tice v. Tice, 361 So. 2d 1051, 1052 (Ala. 1978).

The doctrine of res ipsa loquitur will supply an inference of negligence only if three elements are met: (1) the defendant has full management and control of the instrumentality that caused the injury; (2) the accident could not have happened absence negligence on the part of the defendant; and (3) the injury resulted from the accident. See Ex parte Crabtree Indus. Waste, Inc., 728 So. 2d 155, 156 (Ala. 1998). The mere fact that an injury has occurred is not sufficient to trigger an inference of negligence. Furthermore, without exclusive possession and control of the instrumentality, the doctrine does not apply. See Creekmore v. United States, 905 F.2d 1508, 1511 (11th Cir. 1990). Where one could reasonably conclude that the accident could have happened without any negligence on the part of the defendants, the res ipsa loquitur presumption does not apply. Kmart v. Bassett, 769 So. 2d 282, 286 (Ala. 2000)

In this case, the very nature of the defendants' business was the renting of hotel rooms to guests. The guests clearly had control over the premises, and the attached bathroom fixtures, at the time they rented the rooms; the hotel had little, if any,

malfunction could have occurred even in the absence of any negligence.'"

11

control over the way the soap dish was treated or mistreated at the time it was in the hands of the guests, but certainly it did not retain *exclusive* control.[5] Further, soap dishes fall off walls without anyone being negligent. Ordinary wear and tear will cause bathroom fixtures to deteriorate over time. Often that deterioration goes undetected despite careful inspections. Thus, the mere fact that a soap dish was knocked off the wall by plaintiff does not, by itself, establish that the defendants were necessarily negligent, as required by the second element of *res ipsa loquitur*.

Accordingly, the court finds that the doctrine of *res ipsa loquitur* is inapplicable to the facts presented here because the elements of exclusive control and necessary negligence are not met. Put another way, as in <u>Kmart v. Bassett</u>, 769 So. 2d 282, 286 (Ala. 2000), the plaintiff has failed to show that the cause of the injury was not some defect in the soap dish itself, or some negligence on the part of those who manufactured or installed the soap dish, or negligence or abuse by prior guests. The court could conclude that the soap dish fell because it was improperly

---

[5] Although the plaintiff has provided authority from other jurisdictions for the proposition that a hotel does maintain exclusive control over its premises, the court finds this conclusion to be unpersuasive. It is at least conceivable that a guest prior to the plaintiff in some way damaged the soap dish, and that the defendant was unable to detect the damage during a routine inspection of the room.

installed or manufactured, and that such defect was not the fault of any defendant named in this lawsuit. The court could conclude that the soap dish was weakened by abuse by prior guests which could not have been reasonably detected on inspection. All of this simply is to say that the doctrine of *res ipsa loquitur* does not apply to these facts.

In sum, the plaintiff has failed to demonstrate evidence from which a jury could infer that the defendants breached their duty to keep the premises reasonably safe. There is no evidence that they installed the soap dish (much less installed it negligently), or that their inspections of the room were careless and unreasonable. Other than the simple fact that a soap dish was dislodged from a shower wall when plaintiff bumped it with his elbow (which fact alone is not enough to show negligence), there is nothing to establish fault on the part of the defendants. Consequently, the motion for summary judgment on the plaintiff's negligence claim is due to be granted.

### B. Wantonness

Under Alabama law, the tort of wantonness requires a showing that the defendants acted with "some degree of consciousness" as to whether "injury is likely to result from his act or omission." Carter v. Treadway Trucking, Inc., 611 So. 2d 1034, 1035 (Ala.

1992), quoting Smith v. Davis, 599 So. 2d 586 (Ala. 1992).  For all the same reasons that the plaintiff has failed to demonstrate that the defendants were negligent, the plaintiff cannot prevail on a claim asserting wanton conduct.  Plaintiff has failed to demonstrate that defendants knew or should have known of any danger posed by the soap dish; accordingly, they cannot be said to have known that injury was likely to result from the condition.  Consequently, the motion for summary judgment as to the wantonness claim is due to be granted.

### C.  Breach of Contract

Plaintiff argues that the defendants breached a contractual duty to provide the plaintiff with a safe room.  Defendants argue that the contract claim relies upon the same proof that the negligence claim requires –- the "safe" condition of the room.  Plaintiff further argues that the unsafe condition of the room can be determined by the application of the doctrine of *res ipsa loquitur*.  The court finds that the doctrine does not apply in the context of a contract claim and that the plaintiff has failed to otherwise demonstrate that the room was unsafe.

Plaintiff has not referred the court to any express contract provision by which the defendants undertook a duty to provide the plaintiff with a "safe" room.  If such duty exists, it must be

14

implied in the contract to rent the room. Assuming without deciding that Alabama recognizes an implied warranty in the hotel rental contract that the premises are reasonably safe and habitable,[6] plaintiff still cannot show that his room was not reasonably safe, even though the soap dish fell when he bumped it. The same evidence that is inadequate to prove the negligence theory also is inadequate to prove that defendants breached a warranty to provide a "reasonably" safe room. To prove a breach, the plaintiff must show that the room was in an unreasonably dangerous condition. The fact alone that the soap dish fell when bumped does not show that the room was not reasonably safe. Accordingly, the motion for summary judgment on the contract claim is due to be granted.

## IV. CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented by defendants in support of the motion for summary judgment and plaintiff's submission in opposition, this court determines that defendants' motions for summary judgment (court documents #s 40, 41, and 42) against plaintiffs are due to

---

[6] It is not al all clear that Alabama recognizes an implied contract warranty distinct from the tort duty imposed on premises owners to maintain reasonably safe premises. The distinction between a tort duty and contract duty in this regard is hard to make as the essence of both is simply to provide a reasonably safe place. Evidence applicable to each theory is the same.

15

be GRANTED and plaintiff's claims are due to be DISMISSED WITH PREJUDICE.

A separate order will be entered in accordance with the findings set forth herein.

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DATED the 30th day of September, 2003.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE